ORIGINAL

FILED
SEP 2 4 2004
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **INFORMATION INTERNATIONAL ASSOCIATES, INC.,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** 04-1489C |
| **v.** | ) | **(Judge** ________) |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Information International Associates, Inc. (IIA) and complains of the Defendant, The United States, and in support of its Complaint offer the following:

**JURISDICTION**

1.

This Court has jurisdiction to hear this matter pursuant to the Contract Disputes Act (41 U.S.C. 601, *et.seq.*) as the facts providing the basis of the Plaintiff's claim arose from a contract with the United States Air Force, an agency of the United States of America.

2.

A certified claim was filed with the contracting officer on 1 June, 2004, requesting a contracting officer's final decision. According to the Contract Disputes Act, and applicable provisions of the Federal Acquisition Regulations, the contracting officer is required to issue his/her final decision within a "reasonable time" if the claim exceeds

One Hundred Thousand Dollars ($100,000.00). The contracting officer forwarded an acknowledgment of receipt of the claim and stated that a Final Decision would be issued within 180 days.

3.

The certified claim had previously been submitted to the contracting officer in precisely the same form on April 30, 2003, as a Request For Equitable Adjustment. The same contracting officer held the Request for over eleven (11) months and then denied the Request. The contracting officer was informed that the Plaintiff considered 180 days as unreasonable considering the fact that the contracting officer had already had the claim before him for 11 months previous to the submission of the certified claim. The contracting officer was informed that the Plaintiff considered 90 days as sufficient and would file an appeal based on a "deemed denial" if a Final Decision was not issued by 1 September, 2004.

4.

As of the date of this filing, the contracting officer has not issued a final decision. The Plaintiff considered its claim denied based on a "deemed denial" and hereby appeals this denial.

**FACTS**

5.

This litigation arose out of circumstances surrounding the bidding and award of Solicitation F05603-98-R-002 issued by the United States Air Force Space Command for Library Multi-Wing Effort of General Library Management Services. The contracted services were for Malmstrom Air Force Base, F.E. Warren AFB, Patrick AFB, Peterson

AFB and Vandenberg AFB. The Plaintiff alleges that there was a unilateral mistake in bid that was discovered by the Plaintiff after award and that the Defendant either knew or should have known that there was a mistake in Plaintiff's bid. Despite repeated requests for correction, the Defendant has refused to rectify the error or to increase the contract amount.

6.

The Solicitation called for bids on library services to be performed at five (5) different Air Force Bases from Florida to California. Part II entitled "Price Proposal" required the proposers to include separate prices for each Air Force Base for the basic year of performance and each option year. They were also to break down the prices into monthly and yearly increments. Part I of "The Schedule, Section B" contained two pages of pricing for each Air Force Base with the total pricing for each base on the second page. The Price Proposal also included detailed price proposals for each base and each option year, broken down monthly, showing the employees to be hired, their salaries and fringe benefits.

7.

After submission of initial proposals and discussions, the Government requested the submission of Best and Final Offers (BAFO). The Plaintiff submitted its BAFO with minor changes in all base prices, with the exception of the pricing for Malmstrom AFB. The pricing for this AFB contained an inadvertent omission of a wage value for the labor category position of "Library Assistant/Computer Operator III" for all but the first two months of the basic contract. This wage rate was missing for all the option periods and during a unilateral six-month extension for a total period of 64 months.

8.

The BAFO filed by "**Ila**" showed the individual Bases and the updated pricing sheets for the separate wage categories. It is the contention of the Plaintiff that the BAFO was clear on its face that there was an error in that the wage rate for the subject employee contained a "0" in the applicable labor category.

9.

In comparing the contract pricing for the separate Bases in the BAFO with the original proposed prices it was obvious that there was an error in the Malmstrom pricing. When the pricing for the total contract costs are compared the difference in pricing was as follows: Warren AFB was -0.84%; Patrick AFB was -2.12%; Petersen AFB was -077%; Vanderberg AFB was +1.83%; and, Malmstrom was **-24.92%**.

**<u>ARGUMENT</u>**

10.

It is the contention of the Plaintiff that this was an obvious clerical error that was clear on the face of the Best and Final Offer and A Mistake In Bid. The detailed printouts provided with the BAFO showed the absence of a wage rate for the applicable employee and the pricing for Malmstrom AFB was materially inconsistent with the pricing for all of the other Bases. As the pricing panel for the Source Selection Authority had to review the BAFOs prior to an award selection they either were aware of or should have been aware of the pricing error. The Government did not ask for a verification of the Plaintiff's proposal which would have alerted the Plaintiff to the error and allowed it to correct the obvious mistake.

11.

For the past 64 months of the contract the Plaintiff has provided the services of the "Library Assistant" at Malmstrom AFB with no reimbursement for the wages paid to this employee. The Plaintiff asserts that it has paid the amount of One Hundred and Seventy-four Thousand, Eight Hundred and Eighty-two Dollars ($174,882.00) in wages for which it is claiming reimbursement.

THEREFORE: This Court is requested to docket this appeal from a "deemed denial" of the Plaintiff's certified claim and direct the Defendant to answer the Plaintiff's Complaint in accordance with the Rules of this Court. Upon a decision for the Plaintiff, this Court is requested to award the Plaintiff the following:

A. Reimbursement of all costs associated with the employment of the applicable employee;

B. Interest on Plaintiff's claim from the date received by the contracting officer; and

C. Any other relief deemed equitable by this Court.

Submitted, this the 22 day of September, 2004.

Respectfully Submitted;
MCMANUS & GRAHAM

J. Hatcher Graham
Georgia Bar No. 304577

P.O. Box 7626
Warner Robins
Georgia 31095
(478) 953-5606

**Verification**

I have reviewed the attached Complaint and find the facts contained therein to be true to the best of my knowledge.

Bonnie C. Carroll
Bonnie C. Carroll
President
Information International Associates

**NOTARYSTATEMENT**
STATE OF TENNESSEE COUNTY OF ANDERSON

I, Heather E. Castleberry, Notary Public in said County and State, do hereby certify that on this 21st day of September, 2004, Bonnie C. Carroll, personally known to me to be the same person and official who executed the above and foregoing instrument as President appeared before me in person and acknowledged that, as such official, she executed the above instrument as her free and voluntary act on behalf of Information International Associates, Inc. pursuant to authority conferred and for the uses and purposes therein set forth.

**IN WITNESS THEREOF**, I have hereunto set my hand and seal the day and year last above written.

Heather E Castleberry
Notary Public

My commission expires: 10/23/06

My commission #: At large