ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 2 8 2005
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION INTERNATIONAL ASSOCIATES, INC., | ) | |
| Plaintiff | ) | |
| v. | ) | No. 04-1489C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT MOTION FOR PROTECTIVE ORDER

The parties respectfully request the Court to enter the accompanying proposed protective order in this case.

In support of this motion, the parties state that plaintiff, through its counsel, served a production request on the Government seeking documents that contain proprietary information belonging to plaintiff's competitors, information in which third parties may have a privacy interest, and source selection sensitive information. The Government is willing to produce these documents, but only subject to the provisions in the proposed protective order. Plaintiff, through its counsel, represents that it may produce proprietary information regarding the preparation of its bid in this case. The parties have agreed upon the terms of the proposed protective order, attached hereto, to govern the disclosure of these protected documents and information in this matter.

For these reasons, the parties respectfully request that this joint motion for a protective order be granted.

Respectfully submitted,

J. HATCHER GRAHAM
McManus & Graham, LLP
P.O. Box 7626
Warner Robins, GA 31095

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 307-1011
fax: (202) 307-0972

OF COUNSEL:

REBECCA VERNON, Major, USA
Commercial Litigation Division
Air Force Legal Services Agency
1501 Wilson Blvd, Suite 604
Arlington, VA 22209

Attorneys for Defendant

March 28, 2005

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION INTERNATIONAL ASSOCIATES, INC., | ) | |
| Plaintiff | ) | |
| v. | ) | No. 04-1489C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

It has come to the Court's attention that certain documents responsive to plaintiff's request for production of documents contain proprietary information belonging to plaintiff's competitors, information in which third parties may have a privacy interest, and source selection sensitive information. It has also come to the Court's attention that plaintiff may be producing documents containing proprietary information regarding the preparation of its bid in this matter. The parties agree that the following protective order should be entered prior to disclosure of these documents.

Accordingly, the materials identified below as protected information shall be disclosed and used in this action by the parties in accordance with the following terms and conditions:

1. "Protected Information," as used in this order, means proprietary or source selection sensitive information relating to the solicitation, preparation of bids, and award of the contract in this case, and all personal information protected from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552(a).

2. Protected Information shall be disclosed only to the following individuals: (1) the

Judge assigned to this case and other court personnel; (2) counsel of record for the parties and Department of the Air Force attorneys assigned to work on this case, and other attorneys, paralegals, and clerical personnel in their offices who are engaged in assisting such counsel in this action; (3) employees of the Department of Defense; and (4) any other person whom the Court may later deem to be entitled to view the Protected Information.

3. Protected Information provided formally or informally during the course of this action shall be handled and disclosed by the parties only as set forth in this order.

4. Protected Information shall be used solely for the purposes of this litigation. Neither counsel for plaintiff nor counsel for the United States shall disclose the protected documents or any information contained therein to anyone other than those individuals identified in paragraph 2 unless the order is modified by the Court. Protected Information shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than those individuals identified in paragraph 2.

5. It shall be the responsibility of counsel to bring this protective order to the attention of all persons to whom they disclose Protected Information and to advise such persons that they are bound by the terms of this protective order. Persons to whom Protected Information is made available shall agree to be bound by the restrictions in this protective order and, other than the Court and the counsel of record for the parties, shall execute an agreement in the form of the confidentiality agreement attached hereto. A copy of the signed confidentiality agreement shall be provided to counsel for the opposing party 72 hours prior to review of the Protected Information by those persons listed in paragraph 2 with the opposing party reserving the right to object to such review to the Court. In the event that the opposing party makes such objection, no

Protected Information or documents containing Protected Information will be provided to said person until the objection is resolved by the Court.

6. No document (including, without limitation, motions, briefs, depositions, and exhibits) containing Protected Information shall be filed with the Clerk of the Court unless filed separately under seal in an envelope with a legend on the envelope and documents stating as follows:

> This envelope/document contains protected information. Disclosure or use of such information is restricted. This document is filed under seal. Such documents shall be filed under seal and maintained under seal by the Court. Counsel of record who receive protected documents and information are responsible for abiding by the terms of the applicable, corresponding protective order.

7. Within fourteen calendar days after the conclusion of this litigation, including all appellate proceedings, all documents containing Protected Information produced under this protective order and all copies of the documents shall be destroyed, along with a certification executed by counsel that all copies have been destroyed, other than any which have been submitted to the Court.

8. This protective order (1) does not prevent the parties from asserting any legally cognizable privilege to withhold any document or information, and (2) may not be referred to as supporting an argument that any of the documents or information disclosed pursuant to the order is relevant or otherwise admissible into evidence in this action.

9. Any allegations of abuse or violation of this order will be considered by the Court either for purposes of determining whether it should enter sanctions, or for purposes of

determining whether the matter should be referred for appropriate possible disciplinary proceedings or both.

10. In the event any Protected Information is used in any court proceeding, including depositions, it shall not lose its protected status through such use. The parties shall take all steps reasonably required to protect the Protected Information during such use.

11. When Protected Information or a document containing Protected Information is to be referred to or used in any manner in a deposition, only the court reporter and those persons authorized by paragraph 2 to receive Protected Information may be present. If Protected Information or documents containing Protected Information are discussed during a deposition, the transcript of that deposition shall be subject to the following provisions: (a) counsel for any party shall, within fifteen (15) days of receipt of the deposition transcript, designate any page(s) of the transcript to be "Protected Information" pursuant to paragraph 1, and shall transmit a copy of each page so designated to counsel for the other party involved in the deposition; and (b) prior to the expiration of the 15-day period, the contents of the deposition transcripts shall not be revealed except to those persons authorized under paragraph 2.

12. The use of Protected Information or documents containing Protected Information in any trial of this case shall be governed by whatever procedures the Court shall order.

SO ORDERED:

Dated this ___ day of _____________, 2005

_____________________________
HON. SUSAN G. BRADEN

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERNATIONAL INFORMATION ASSOCIATES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1489C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DECLARATION OF ____________________

STATE OF ____________________________

COUNTY OF __________________________

1. My name is ________________________________________________.

2. My business is ______________________________________________.

3. My present employer is _________________________________________.

4. My present occupation or job description is ___________________________

_______________________________________________________________.

5. I have received a copy of the Protective Order issued in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold all protected documents and information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such documents or information to anyone not specifically entitled to access under the Protective Order, and will use the documents and information solely for purposes of this Litigation, except as provided by the Protective Order.

9. At the conclusion of this litigation, I will return all originals of all protected documents and information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____________________ (Sign)

_____________________ (Print)

DATED: __________

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 28 day of March 2005, I caused to be served by U.S. Mail, first-class, postage prepaid, the attached "JOINT MOTION FOR PROTECTIVE ORDER" addressed as follows:

J. Hatcher Graham
McManus & Graham
P.O. Box 7626
Warner Robins, GA 31095

Sue Smith