# AFFIDAVIT

I, Patricia L. Powell, Senior Vice President of Information International Associates, Inc. (IIa), certify that I have read relevant portions of the document entitled "DEFENDANTS RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT," and marked at the top of the pages "Case 1:04-cv-01489-SGB Document 26-1 Filed 03/22/2006 Page [number] of 18" and offer the following based on my personal knowledge:

1. Proposed Finding Number 27 infers that I violated the Contracting Officer's instructions adjusting the balance of positions after issuance of the call for Best and Final Offers. The circumstances are these: IIa's initial offer consisted of Part I, which included written past performance information, Part II, the price proposal, Part III, the executed Request for Proposal documents, and Part IV , the technical proposal, a subsequent oral presentation supported by a Microsoft PowerPoint graphics and a printed volume supporting the oral presentation designated merely "Oral Presentation." The "Oral Presentation" printed volume contained a summary of the benefits package, sample reference searches, staffing schedule tables for each base, a functional task analysis of each base, sample job descriptions, staff qualification tables, and other documents. Technical discussions focused on the staffing schedule tables for each base. The Technical Panel asked a number of questions regarding specific labor categories at the various bases. In response, I changed the level of effort (hours) of certain positions at each base. Also, as the Technical Panel provided information regarding the physical layout of the libraries, the number of customers, and other information, I adjusted assignments to make operations more efficient, given IIa's commitment to efficiency, economy, and customer satisfaction. I do not recall making any adjustments that were not in response to information from the Technical Panel, or that were responses to comments and/or questions from the Technical Panel regarding

the staffing of the libraries. I also do not recall making adjustments to any position that was not in conformance with the technically acceptable organization in violation of the Contracting Officer's mandate.

2. The Defendant's response to Proposed Finding Number 30 is undisputed, except that the Plaintiff does not state that the USAF dictated the content of the Best and Final Offer. If IIa had responded as shown in the table, IIa could have been declared to be unresponsive.

3. I further offer the following comments regarding the document entitled "DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT" based on my personal knowledge.

4. I do not dispute that IIa was experienced and sophisticated in the operation of libraries. At the time of the events that are the basis of this litigation, IIa was a small company with a very small headquarters staff. This was the largest and most complex proposal in IIa's experience. Preparing the initial proposal and tracking the changes through the various iterations placed severe pressure on us. Our small senior staff was responsible for the ongoing operations of the company as well as a proposal process that was more involved and complex than we had previously experienced. Mr. Covey joined IIa late in the period of technical discussions. He was hired because of his experience in preparing and tracking changes to cost proposals. IIa electronic records show that Mr. Covey prepared 12 Microsoft Excel workbooks for each base from 20 October 1998, while technical discussions were in progress, to 6 November 1998, the date of submission of the Best and Final Offer. Each workbook contained seven spreadsheets (a consolidated spreadsheet, one spreadsheet each for the base year and 4 option years, and a

spreadsheet in the contract's Schedule B format). Additionally, Mr. Covey prepared a single spreadsheet to track the distribution of labor for the positions at each of the five bases.

5. Given Mr. Covey's experience, I examined each spreadsheet from more of a managerial and operational perspective. As I have testified, I did not give each spreadsheet a rigorous examination, and my spot checks concentrated mainly on the level of effort portion of the spreadsheets, which were my principal responsibility and knowledge base.

6. All of Mr. Covey's workbooks were without error except the workbook supporting the Best and Final Offer for Malmstrom Air Force Base. As the first page of Exhibit 4 to IIa's Certified Claim, which is the Exhibit to the Government's cross-motion, shows, the error occurred in a rate table at the bottom of the spreadsheet.

7. While I, as the manager with overall responsibility for the Best and Final Offer, accept responsibility for the error, I dispute the Government's statements that we were experienced and sophisticated in the preparation of proposals of this level of complexity. Our inexperience and lack of sophistication in the preparation of proposals is demonstrated by the undisputed process errors that the Government identifies in their cross-motion.

Further Affiant saith not.

Patricia L. Powell

Patricia L. Powell
Senior Vice President
Information International Associates, Inc.

Heather E Carter

My Commission Expires 10/23/06