**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **INFORMATION INTERNATIONAL ASSOCIATES, INC.,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO. 04-1489C (Judge Braden)** |
| **V.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

COMES NOW, the Plaintiff and responds to "Defendant's Proposed Findings of Uncontroverted Fact. In the interest of economy, any Proposed Findings of Uncontroverted Fact that are not list herein as disputed are undisputed.

1.

Reference Defendant's Proposed Finding Of Uncontroverted Finding of Fact #8:

Defendant states that both of the proposers, including the Plaintiff, could reduce their bottom line prices by transferring responsibilities between hourly and salaried employees and by reducing the number of man-hours. While this statement is true, it leaves the impression that it could have accounted for the large difference in the Malmstrom bid. As stated in her deposition, Mrs. Pat Powell only made changes of a "few hours" in the best and final proposal and could not have combined two jobs into one. She also emphasizes in her Affidavit (*Attachment A to Plaintiff's Reply Brief*) that no changes in the manning or staffing levels could be made after the Technical Team and the Contracting Officer had approved their Technical Proposal.

2.

Reference Defendant's Proposed Finding of Uncontroverted Fact #22:

Defendant states that all of the other Air Force Bases indicated a reduction in price between the first and second option years. While this may be accurate in the abstract, it does not reflect the reality. The decreases in the other bases were in the tens or hundreds of dollars while the decreases in the Malmstrom prices were in the thousands, reflecting a Twenty-five percent (25%) difference between the initial pricing for Malmstrom and the best and final.

3.

Reference Defendant's Proposed Finding of Uncontroverted Fact #23:

Defendant states: "IIA's mistake in bid was only apparent in its backup spreadsheets used to prepare the final proposal." This is not only incorrect, it identifies the difference in the positions of Plaintiff and Defendant in this litigation. The most glaring example of the mistake in bid is the difference between Plaintiff's initial bid for Malmstrom Air Force Base and its Best and Final bid for the same installation as reflected in the Bid Schedule that was delivered to the Contracting Officer. While the actual error, i.e., the failure to include the salary in the computer spreadsheet, may be in the spreadsheet, the result of the error is evident in the Bid Schedule.

Submitted, this the 10th day of April, 2006

Respectfully Submitted;
J. HATCHER GRAHAM, P.C.

______/s/__________
J. Hatcher Graham
Georgia Bar No. 304577

P.O. Box 7626
Warner Robins
Georgia 31095
(478) 953-5606