IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION INTERNATIONAL ASSOCIATES, INC., | ) | |
| | ) | No. 04-1489C |
| Plaintiff, | ) | |
| v. | ) | Judge Braden |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO
DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS

Defendant, the United States, respectfully submits the following reply to plaintiff's response to defendant's proposed findings of uncontroverted facts.

Defendant's Proposed Finding of Fact # 8

Margon and IIA could, however, reduce their bottom line prices in their final price proposals by transferring responsibilities from hourly employees to salary employees and by reducing the number of man-hours to provide the required services. JE 1 at 29, l. 11 to 31, l. 3; JE 2 at 23, ll. 18-25; at 32, l. 6 to 32, l. 19.

Plaintiff's Response: Defendant states that both of the proposers, including the plaintiff, could reduce their bottom line prices by transferring responsibilities between hourly and salaried employees and by reducing the number of man-hours. While this statement is true, it leaves the impression that it could have accounted for the large difference in the Malmstrom bid. As stated in her deposition, Mrs. Pat Powell only made changes of a "few hours" in the best and final proposal and could not have combined two jobs into one. She also emphasizes in her Affidavit (Attachment A to Plaintiff's Reply Brief) that no changes in the manning or staffing levels could be made after the Technical Team and the Contracting Officer had approved their Technical

Proposal.

Defendant's Reply: Plaintiff admits that defendant's proposed finding of uncontroverted fact #8 is true.

Defendant's Proposed Finding of Fact # 22

However, the pattern of a decrease in price in the first and second option years, which caused Ms. Wood to examine the backup spreadsheets and discover the mistake, was also reflected in IIA's bid for the other four Air Force Bases, none of which contained a mistake in bid. Pl. Mot. Exh. 4.

Plaintiff's Response: Defendant states that all of the other Air Force Bases indicated a reduction in price between the first and second option years. While this may be accurate in the abstract, it does not reflect the reality. The decreases in the other bases were in the tens or hundreds of dollars while the decreases in the Malmstrom prices were in the thousands, reflecting a twenty-five percent (25%) difference between the initial pricing for Malmstrom and the best and final.

Defendant's Reply: Plaintiff's response is misleading. While the difference in the total line item for Malmstrom between IIA's initial and final proposals was approximately twenty-five percent, the pattern of a decrease in price in the first and second option years, which Ms. Wood testified caused her to examine the backup spreadsheets and discover the mistake, was found in all five Air Force Bases. Moreover, the difference in some of the other bases, for which IIA claims no mistake, is even greater than the difference in Malmstrom. For example, the difference in the total amount for Malmstrom between the first and second option years in IIA's final proposal was $480, while the difference in the total amount for Patrick Air

Force Base was $1416. Pl. Mot. Ex. 4 at 6, 8.

Defendant's Proposed Finding of Fact # 23

IIA's mistake in bid was only apparent in its backup spreadsheets used to prepare the final price proposal. JE 2 at 56, ll. 16-22; at 57, l. 12 to 58, l. 20. The contracting officer did not request these backup spreadsheets as part of the final price proposal. Pl. Mot. Exh. 3.

Plaintiff's Response : Defendant states: "IIA's mistake in bid was only apparent in its backup spreadsheets used to prepare the final proposal." This is not only incorrect, it identifies the difference in the positions of plaintiff and defendant in this litigation. The most glaring example of the mistake in bid is the difference between plaintiff's initial bid for Malmstrom Air Force Base and its Best and Final bid for the same installation as reflected in the Bid Schedule that was delivered to the Contracting Officer. While the actual error, i.e., the failure to include the salary in the computer spreadsheet, may be in the spreadsheet, the result of the error is evident in the Bid Schedule.

Defendant's Reply: Plaintiff states that the most glaring example of its mistake is in the difference between the initial bid and its final bid for the individual line item for Malmstrom. However, plaintiff also acknowledges that the contracting officer had no duty to compare IIA's initial and final proposals line by line. Therefore, the contracting officer neither knew or should have known of the most glaring example of IIA's mistake.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:

JEFFREY BRANSTETTER, Major, USAF
Commercial Litigation Division
Air Force Legal Services Agency
1501 Wilson Blvd, Suite 604
Arlington, VA 22209

s/Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 307-1011
fax: (202) 307-0972

April 20, 2006

Attorneys for Defendant