# APPENDIX

**TAB 1**

ITEM 1

**INFORMATION INTERNATIONAL ASSOCIATES, INC.**
1009 COMMERCE PARK DR., SUITE 150 ♦ P.O. BOX 4219 ♦ OAK RIDGE, TENNESSEE ♦ 37831-4219
TELEPHONE: (865) 481-0388 ♦ FACSIMILE: (865) 481-0390 ♦ E-MAIL: INQUIRY@INFOINTL.COM

*Bonnie C. Carroll, President*

April 30, 2003 Via Certified Mail, Return Receipt Requested

Ms. Yasmin Brown
Contracting Officer
HQ AFSC/CONF
1520 East Willamette Ave.
Colorado Springs, CO 80909-4554

Subject: Contract No. F05603-99-C0001
General Library Management Services – Library Multi-Wing Effort
***Issue in Controversy***

Dear Ms. Brown:

In our meeting on Monday, February 3rd, 2003, a financial matter was brought to your attention for consideration regarding the contract between Information International Associates, Inc. (IIa) and the Air Force Space Command (AFSPC). Specifically, this matter was the result of the procurement process that pre-empted the subject contract award. In our meeting, you expressed both a willingness and openness to address the matter if it were presented to you in written form.

This letter, therefore, serves to present for your consideration, an *issue in controversy,* as it is defined at FAR 33.201, for the purpose of pursuing and arriving at a mutual agreement between us. Reasonable people can arrive at reasonable solutions when they are presented with the facts and when they are committed to acting in good faith and fair dealing. Presenting this *issue* to you in this manner demonstrates our commitment to this process and supports the Government's policy and process on such matters of controversy, as found under FAR 33.2, *Disputes and Appeals,* and in particular, at FAR 33.204, *Policy.*

IIa has been, and continues to be, a quality and dedicated contractor to AFSPC. We are very appreciative of the opportunity to be of service. As a small, woman-owned business, this *issue* is of such paramount importance however, that we feel compelled to bring it to your attention in the hopes of arriving at a fair and reasonable solution between us.

Pending a reasonable time for your review, we await your written response and are available at your request to meet if necessary, to further our mutual efforts at reaching a reasonable conclusion.

Sincerely,

Bruce P. Bowland
Chief Operating Officer

Enclosure

# CONTRACT NO. F05603-99-C0001
# GENERAL LIBRARY MANAGEMENT SERVICES
# LIBRARY MULTI-WING EFFORT
# ISSUE IN CONTROVERSY

## EXECUTIVE SUMMARY

The *Issue in Controversy* is a matter of a discovery after contract award and subsequent verbal denials of requests for a contract correction of a pricing mistake that occurred during the preparation of Information International Associates, Inc.'s (IIa) best and final offer (BAFO) (RFP No. SOL F05603-98-R-0002). The single-point-of-entry mistake occurred in the electronic spreadsheet used in the preparation of the BAFO that manifested itself in one Labor Category for one of the five library price estimates. The mistake was for CLIN 0004, Non-personal Library Services at Malmstrom, AFB, MT, in SubCLINs 0004AB, 0004AC, 0004AD, and 0004AE of Schedule B of the referenced RFP.

In particular, the mistake was the inadvertent omission of a wage value for the labor category position of *Library Assistant/Computer Operator III* for all but the first two months of the basic contract and all of the option periods, for a total of 58 months. This inadvertent data entry omission prevented the pre-designed spreadsheet algorithm used for the BAFO from auto-computing final extended prices for this labor category for all but the first two months of the contract.

IIa's BAFO consisted primarily of updating labor category wage rates based on updated Department of Labor (DOL) Wage Determination data and minor changes in indirect rates for the purpose of providing *current, accurate*, and *complete* pricing data. These pricing adjustments resulted in overall total price changes for each base, from the original proposal, of between -2.1% and +1.8% with the exception of Malmstrom, which experienced a ***-24.9%*** change. IIa made no changes to the level-of-effort in its BAFO nor did it propose *"to absorb a portion of the costs or provide other benefits to the Government which (affected) price"* (ref. Solicitation No F05603-98-R0002, Section L, Page 8 of 11 (2) (c). De facto, the un-priced position of *Library Assistant/Computer Operator* III has been continuously staffed at Malmstrom AFB, for which the Government has and continues to receive the benefit on the basis of undue *enrichment*.

As prescribed by statutory authority and for the purpose of arriving at a mutually acceptable resolution using the least contentious venue, IIa herewith provides all pertinent, clear, and convincing evidence in the form of an *Issue in Controversy* in support of its position that an inadvertent unilateral mistake was made by IIa. IIa purports that the mistake was so apparent that the Air Force should have questioned the change as being *Cardinal* in magnitude. This is especially the case since no explanation or substantiation was provided. It is this apparent and *Cardinal* magnitude of change for a single base, where all the bases are essentially the same that warrants *charging* the Air Force *with notice* of the probability of the mistake.

IIa is further providing for the Air Force's consideration;

- The statutory authority for this action,
- A chronology of the events that took place,

- An analysis of the clear and convincing evidence purporting the notice of the probability that a mistake occurred, and
- A proposal for resolution.

## STATUTORY AUTHORITY

The statutory authority for bringing this matter to your attention is first provided at FAR Part 15, *Contracting by Negotiation,* as this was a procurement action other than a sealed bid procedure. In particular, as this was an OMB Circular A-76 procurement action, this proposal was authorized under FAR 15.203(b) which states, *"An RFP may be issued for OMB Circular A-76 studies."*

The discovery of a mistake after award when *Contracting by Negotiation* (FAR Part 15) is addressed at FAR 15.508, *Discovery of Mistakes,* which states, *"Mistakes in a contractor's proposal that are disclosed after award shall be processed substantially in accordance with the procedures for mistakes in bids at FAR 14.407-4".*

As prescribed by FAR 15,508, FAR 14.407-4, *Mistakes after Award,* states, *"If a contractor's discovery and request for correction of a mistake in bid is not made until after the award, it shall be processed under the procedures of Subpart FAR 33.2 and the following:*
*(a)* [Omitted]
*(b) In addition to the cases contemplated in paragraph (a) of this section or as otherwise authorized by law, agencies are authorized to make a determination --*
*(1)* [Omitted]
*(2) To reform a contract;*
*(i)* [Omitted]
*(ii) To increase the price if the contract price, as corrected, does not exceed that of the next lowest acceptable bid under the original invitation for bids; or*
*(3) That no change shall be made in the contract as awarded, if the evidence does not warrant a determination under subparagraphs (1) or (2) of this section.*
*(c) Determinations under subparagraphs (b) (1)* [omitted] *and (2) above may be made only on the basis of clear and convincing evidence that a mistake in bid was made. In addition, it must be clear that the mistake was*
*(1) Mutual, or*
*(2) If unilaterally made by the contractor, so apparent as to have charged the contracting officer with notice of the probability of the mistake."*

The prescribing of concurrent use of FAR 33.2, *Disputes and Appeals,* in conjunction with FAR 14.407-4, allows for addressing *"Issues in Controversy"* and resolution at the Contracting Officer level of authority and are the prescribed procedures and forum for addressing these forms of actions, pre-emptive to filing of a certified claim. Specifically;

> FAR 33.201, *Definitions,* defines an *"Issue in Controversy"* as *"a material disagreement between the Government and the contractor that*
> *(1) May result in a claim...",* and
>
> FAR 33.204, *Policy,* states, *"The Government's policy is to try to resolve all contractual* ***Issues in Controversy*** (emphasis added) *by mutual agreement at the contracting officer's level. Reasonable efforts should be made to resolve controversies prior to the submission of a claim.*