*added] in responding to the contractor. (DEL Mfg., Corp., ASBCA 43801, 93-1 BCA ¶25,394)*

- *REQUEST FOR CONTRACTING OFFICER DECISION – The request for a decision may be either **explicit** or **implied** [emphasis added]. (Sun Eagle Corp. v. United States, 123 Cl. Ct. 465 (1991))*

- *MATTER OF DISPUTE - There must be an **existing dispute** [emphasis added] before there can be either a contract or a Government claim. (Keystone Coat & Apron Mfg. Corp. v. United States, 150 Ct. Cl. 277 (1960))*

- *CONVERSION INTO A CLAIM – If a contractor's initial request for relief does not constitute a claim when submitted, it may be "**converted**" [emphasis added] into a claim. However, for a conversion to take place, the contractor must make a formal demand subsequent to an **unreasonable delay** [emphasis added] in payment or disagreement with the Government. (Falcon Research & Dev. Co., ASBCA 27002, 82-2 BCA ¶ 16,049)*

Within five (5) business days of confirmed receipt of this letter, IIa must receive a written:

- Acceptance of our request for relief submitted on April 3, 2003, or
- Acceptance of our offer to meet face-to-face on a date certain to resolve this matter through mutual good faith negotiation, or
- Response to our November 3rd letter, or

we will consider the matter *in dispute*.

However regrettable it may be that we must take this course of action to protect our business interest, we feel it is necessary at this juncture because of an unreasonable delay on the part of the AFSPC.

Sincerely,

Bruce P. Bowland
Chief Operating Officer

DEPARTMENT OF THE AIR FOR_ _
21ST SPACE WING (AFSPC)

MEMORANDUM FOR Information International Associates, Inc. 18 March 2004
1009 Commerce Park Drive, Suite 150
P.O. Box 4219
Oak Ridge, TN 37830

FROM 21 CONS/LGCBC (Mr. Robin Cramer)
700 Suffolk Street
Peterson AFB, CO 80914

SUBJECT: F05603-99-C-0001, Mistake in Bid
(Your letter dated 3 Nov 03)

1. Your letter has been reviewed by this office, and by the 21SW/JA. Our position remains the same as stated in our letter of 4 September 2003.

2. Should you have additional questions, please feel free to contact Mr. Steve West at (719) 556-8211, or via email to steven.west@peterson.af.mil.

ROBIN E. CRAMER
Contracting Officer

April 22, 2004

Via Overnight Express Mail

Mr. Steve West
Contracting Officer
21 CONS/LGCBC
700 Suffolk Street
Peterson AFB, CO 80914

Subject: Contract No. F05603-99-C0001
General Library Management Services – Library Multi-Wing Effort
***Mistake in Bid – Record of Telephone Conversation***

Reference: 1) Telephone conversation on March 30, 2004 at 11:30 AM EST
2) AFSPC memorandum dated March 18, 2004
3) IIa letter dated November 3, 2003
4) AFSPC memorandum dated September 4, 2003

Dear Mr. West:

I appreciate you taking the time to speak with me in late March (ref. 1). After nearly a year, that phone call has finally established that a dispute exists between IIa and the 21CONS/LGCBC over certain matters related to the subject contract. This, in and of itself, is a significant milestone.

My objective for calling you was to discuss establishing a date certain to meet with you and AFSPC representatives to work toward a mutual agreement regarding an ongoing issue since the January 15, 1999 award of the subject contract work. That call was necessary because the March 18, 2004 (ref. 2) AFSPC memorandum did not provide any substantive response to IIa's November 3, 2003 (ref. 3) reply to the September 4, 2003 (ref 4) AFSPC memorandum.

I was shocked when you informed me that there was no reason for us to meet. You asserted that, according to the AFSPC 21 Space Wing Judge Advocate, there was nothing to discuss and no reason for us to meet. You also advised that, in your opinion, the September 4, 2003 and March 18, 2004 AFSPC memoranda, signed by Mr. Cramer, clearly stated that the AFSPC did not consider IIa's position qualified as a 'mistake in bid.'

In light of your interpretation and your position constituting new information, I have subsequently again reviewed these AFSPC memoranda and continue to believe that the AFSPC expressed a clear desire to work together in the interest of good faith and fair dealing. For example, on September 4, 2003, Mr. Cramer wrote:

> *"I appreciate your commitment to resolution of this issue by mutual agreement at the contracting officer's level. My commitment to you is to work with you to resolve this issue prior to submission of a claim."*

INFORMATION INTERNATIONAL ASSOCIATES, INC. (IIA)
1009 COMMERCE PARK DRIVE · SUITE 150 · P.O. BOX 4219 · OAK RIDGE, TN 37831-4219
PH: 865.481.0388 · FX: 865.481.0390 · EMAIL: INQUIRY@INFOINTL.COM

Mr. Cramer reaffirmed this AFSPC position in the March 18, 2004 (ref. 2) AFSPC memorandum:

*"Our position remains the same as stated in our letter of 4 September 2004."*

There is nothing in either of these AFSPC memoranda that explicitly or implicitly state that the AFSPC did not consider IIa's position qualified as a 'mistake in bid.' In fact my interpretation of these AFSPC memoranda was quite the reverse in that there was an invitation to meet and a "commitment" to work out a mutually acceptable solution. Had your interpreted position been clearly stated in the September 4, 2003 memorandum, I would not have deemed it necessary to reply on November 3, 2003 or to contact you by telephone to set up a meeting, because the milestone of dispute would have been already established. Most significant, had this position been made clear eight months earlier, we would be much closer to resolution than we are today.

Therefore, based on your expressed opinions and breach of commitment, taken in conjunction with the information contained in AFSPC memoranda of September 4, 2003 and March 18, 2004, I consider these facts as clear and convincing evidence of bad faith and unfair dealing, and a unilateral protraction of the dispute resolution process on the part of the AFSPC in order to exercise the six-month contract extension at the current incorrect contract unit prices. These AFSPC actions have only served to enhance and unduly enrich the Government at the expense of a multiple award-winning, women-owned SBE.

As we discussed and concluded in our conversation, please be advised again that IIa is proceeding to evaluate all its options afforded us at law and in equity, including, but not limited to, filing a certified claim. Should we file a certified claim, the original value of IIa damages expressed in the previously submitted REA will be revised to include, but not be limited to, the continuing damage caused to IIa by the six-month contract extension having been unilaterally exercised by the AFSPC without due and timely consideration of IIa's good faith request for equitable relief.

However regrettable it may be that we must continue to take these courses of action to protect our business interest, we feel it is necessary at this juncture.

Sincerely,

Bruce P. Bowland
Chief Operating Officer

cc: Yasmin Brown (AFSPC CO)
Hatcher Graham (McManus & Graham, L.L.P.

**DEPARTMENT OF THE AIR FORCE**
21ST SPACE WING (AFSPACECOM)
21ST CONTRACTING SQUADRON

May|4|2004

MEMORANDUM FOR Information International Associates, Inc.
1009 Commerce Park Dr., Suite 150
PO Box 4219
Oak Ridge, Tennessee 37831-4219

FROM: Mr Steven R. West
21 CONS/LGCB
700 Suffolk Street/Bldg 982
Peterson AFB, CO 80914-4420

SUBJECT: Contract F05603-99-C-0001 Issue in Controversy

1. I received your letter of April 22, 2004 regarding the issue in controversy. Your conclusions of "breach of commitment", "bad faith" and "unfair dealing" are incorrect. Additionally, your assertion of "unilateral protraction of the dispute resolution process on the part of the AFSPC in order to exercise the six-month contract extension at the current incorrect contract unit prices" is also incorrect. I am sorry for any misunderstanding. The Government never intended to create such confusion and elicit those comments. As Ila is going to be part of the Air Force team on a new contract beginning October 1, 2004, I believe it is in our mutual interest to clarify the past issues.

2. Concerning your allegation of "breach of commitment", the Government's commitment remains steadfast to work with you on any issue you wish to present. This commitment does not mean the Government will concur with any assertion from Ila, it only means the Government will listen to and consider the merits of your issue. We were willing to listen to any information Ila wished to offer concerning your alleged "mistake in bid", however, after reviewing all the information submitted, it did not justify any contract adjustment. If you disagree with the Government, you should follow contract procedures for filing any claim or dispute you believe is justified.

3. The six-month extension of the contract was based on the Government's unilateral right under FAR clause 52.217-8 OPTION TO EXTEND SERVICES (NOV 1999). This contractual modification is not related in any way to the issue in controversy. You can include this additional period of performance in any claim or dispute presented to the Government.

4. Your statement that, "There is nothing in either of these AFSPC memoranda that explicitly or implicitly state that the AFSPC did not consider Ila's position

qualified as a 'mistake in bid' is also incorrect. It seems to me that we agreed on the five criteria for evaluation of a mistake in bid (see your letter of November 3, 2003, para. 2). The third criteria for a mistake in bid is that prior to award the Government knew or should have known that a mistake in bid had been made and, therefore, should have requested bid verification. After review of your letter of April 30, 2003 we stated in our reply of September 4, 2003, "Therefore, the Government did not know and had no reason to suspect that a mistake in bid had been made." We then reviewed your letter of November 3, 2003 and stated in our reply of March 18, 2004 that our position was the same as in the September 4, 2003 reply. If the Government states that the third criteria for a mistake in bid is not satisfied, then that should have told you that the Government concluded your assertion did not qualify as a mistake in bid. Nevertheless, let me state clearly in this letter, the Government does not consider IIa's position to qualify as a mistake in bid. While Mr. Cramer limited his response of September 4, 2003 to a consideration of the third criteria, I do not consider any of the criteria satisfied.

5. I remain committed to work with you on this or any other issue in controversy. Thank you for the fine job IIa does in operating AFSPC libraries. Please call or write if you wish to discuss this issue further. As stated earlier, if you disagree with the Government, you should follow contract procedures for filing any claim or dispute you believe is justified.

STEVEN R. WEST
Contracting Officer