# TAB 4

# McMANUS & GRAHAM, L.L.P.

Attorneys at Law
A Limited Liability Partnership

John C. McManus
20 Executive Park West
Suite 2015
Atlanta, GA 30329
Telephone: (404) 929-9122
Telefax: (404) 929-0370
Email: jcmlaw@mindspring.com

J. Hatcher Graham
P. O. Box 7626
Warner Robins, GA 31095
Telephone: (478) 953-5606
Telefax: (478) 953-0272
Email: govlaw@cox.net

20 July, 2004

2004 JUL 21 PM 2: 55

Stephen R. West
Contracting Officer
21 CONS/LGCB
700 Suffolk Street/Bldg 982
Peterson AFB
CO 80914-4420

RE: Contract F05603-99-C-001
Certified Claim for a Unilateral Mistake in Bid
Informational International Associates, Inc.
Your Memorandum of 26 June, 2004

Dear Mr. West:

This Firm has been retained by Informational International Associates, Inc. (Ila) in reference to their claim against the United States Air Force for a unilateral mistake in bid discovered after award fo the above cited contract.

Ila filed a certified claim with your office for which you acknowledged receipt on 1 June 2004. The Contract Disputes Act requires that a Contracting Officer's Final Decision be issued within 60 days of the receipt, or within a "reasonable time" thereafter. Your memorandum of 26 June, 2004, states that you will not be able to issue a Final Decision until 180 days from receipt of the certified claim.

A review of Ila's documentation concerning this claim reveals that there has been correspondence between the parties for the past five (5) years concerning this issue. A Request for Equitable Adjustment (REA) concerning the same arguments contained in the claim was filed by Ila with your office on 30 April, 2003. The REA was reviewed, analyzed and rejected by your office on 30 March, 2004, indicating that you retained the REA for analysis for Eleven (11) months. It is patently unreasonable that it would now take your office 180 days to review the certified claim and formulate a Final Decision.

The 60 day time limit for your office to issue a Final Decision expires on 30 July, 2004. If a Contractng Officer's Final Decision has not been issued by that date, we will either apply to the Armed Services Board of Contract Appeals for an Order directing you to issue a Final Decision or file either with the ASBCA or the United States Court of Federal Claims based on a "deemed denial".

Thank you for your cooperaton in this matter.

Sincerely,

J. Hatcher Graham

cc: lla

DEPARTMENT OF THE AIR FOR
21ST SPACE WING (AFSPC)

July 27, 2004

MEMORANDUM FOR Mr. Bruce P. Bowland
Information International Associates, Inc.
1009 Commerce Park Dr., Suite 150
P.O. Box 4219
Oak Ridge, Tennessee 37831-4219

FROM: Steven R. West
21CONS/LGCB
700 Suffolk Street
Peterson AFB, CO 80914-4420

SUBJECT: Contract F05603-99-C-0001
Certified Claim for a Unilateral Mistake in Bid
Discovered After Award

1. I received a letter on July 21, 2004 from Mr. J. Hatcher Graham of the law firm of McManus & Graham, LLP, stating they have been retained to represent Information International Associates, Inc. in your claim against the Air Force for a unilateral mistake in bid discovered after award. Mr. Graham has made a demand for a Contracting Officer's Final Decision within 60 days.

2. Under FAR clause 52.233-1(e), since your claim amount exceeds $100,000, a Contracting Officer's decision is not required within 60 days. I have already notified you within 60 days of your claim the date by which you may expect a decision. Such date is not unreasonable since your claim provided to me on June 1, 2004 includes 40 pages of claim information and is based on an alleged mistake in your bid, which occurred 68 months ago. As stated in my letter of June 26, 2004 you may expect a decision on your claim by November 28, 2004 (180 days), which is a reasonable time in which to examine your claim, research historical contract files, and prepare and coordinate a written decision (See FAR 33.211).

3. Please advise your attorney of the correct spelling of my name.

STEVEN R. WEST
Contracting Officer

Cc: McManus & Graham, LLP

# McMANUS & GRAHAM, L.L.P.

Attorneys at Law
A Limited Liability Partnership

John C. McManus
20 Executive Park West
Suite 2015
Atlanta, GA 30329
Telephone: (404) 929-9122
Telefax: (404) 929-0370
Email: jcmlaw@mindspring.com

J. Hatcher Graham
P. O. Box 7626
Warner Robins, GA 31095
Telephone: (478) 953-5606
Telefax: (478) 953-0272
Email: govlaw@cox.net

August 6, 2004

Steven R. West
21 CONS/LGCB
700 Suffolk Street
Peterson AFB, CO 80914

RE: Contract F05603-99-C-0001
Certified Claim for a Unilateral Mistake in Bid Discovered After Award

Dear Mr. West:

Initially, I apologize for the misspelling of your name. I can assure you we will make sure that does not reoccur in the future.

I am quite aware that the Contract Dispute Act and FAR 52.233-1(e) do not require a contracting officer's final decision letter for a certified claim of over $100,000.00 to be issued in 60 days from receipt. However, the FAR does state at 33.211(d) that the contracting officer should issue a decision within a reasonable amount of time, taking into account "(1) the size and complexity of the claim; (2) the adequacy of the contracting officer's data; and (3) any other relative factors".

The fact is that, as stated in my previous letter to you, you were provided with a Request for Equitable Adjustment that was filed in your office on April 30, 2003. You held that Request For Equitable Adjustment for 11 months and did not provide Information International Associates, Inc. with your rejection until March 30, 2004. The certified claim you have before you is the same in all respects as the Request for Equitable Adjustment that had been previously forwarded to you, with the exception of including the additional (i.e. 10%) damages caused by not resolving this matter before unilaterally executing the six (6) month contract extension. Your delay in providing Contracting Officer's Final Decision indicates either that you did not review the initial Request For Equitable Adjustment as you should have, or that you are merely delaying issuing the Contracting Officer's Final Decision for an unreasonable amount of time.

In addition to the above, the claim is not complex as to the liability portion. The basic question is whether or not the government either had or should have had notice of the contractor's mistake in bid. That has been apparently reviewed by your office not once, but twice, and answered in the negative. The only reason for a detailed review of supporting financial data would be if your office were to determine that there was liability

and you wished to analyze the supporting cost data prior to initiating negotiations. If that is the case, please notify us immediately so that we might enter into negotiations to settle this matter.

It is our position that if a final decision is not issued by September 1, 2004 we will file an Appeal and a Complaint with the U. S. Court of Federal Claims based on a "deemed denial".

Thank you for your cooperation in this matter.

Sincerely,

J. HATCHER GRAHAM

JHG/maf

cc: Bruce Bowland