IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION INTERNATIONAL ASSOCIATES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1489C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME**

Pursuant to Rule 6(b) and 6.1 of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests a 27-day enlargement of time, to and including January 29, 2007, within which to file its response to plaintiff's petition for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Our response is currently due on January 2, 2007. This is defendant's first request for an enlargement of time for this purpose. The plaintiff, through counsel, has been contacted by phone regarding this request and does not oppose this motion.

Plaintiff's application seeks attorney fees and costs pursuant to EAJA. The application, however, is premature. EAJA authorizes a prevailing party to submit an application for fees and expenses "within thirty days after final judgment." 28 U.S.C. § 2412(d)(1)(B). "Final judgment" for EAJA purposes is defined as a judgment that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court has held that "[t]he 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991).

Although this Court has held on one occasion that an EAJA application may be filed prior to a judgment becoming final (Gonzalez v. United States, 44 Fed. Cl. 764, 767 (1999)), the Court has discretion to dismiss premature applications without prejudice. See Skip Kirchdorfer, Inc. v. United States, 803 F.2d 711, 712 (Fed. Cir. 1986) (dismissing without prejudice a premature EAJA application in order to avoid "piecemeal consideration of fee awards"); M.A. DeAtley Const., Inc. v. United States, 71 Fed. Cl. 370, 372 n.1 (2006) (dismissing without prejudice a premature EAJA application); Boers v. United States, 44 Fed. Cl. 725, 732 (1999) (same).

The time for filing an appeal of the Court's October 31, 2006 judgment has not yet expired, and will not expire until December 30, 2006. Accordingly, the first day plaintiff could have filed its EAJA application is December 30, 2006, with defendant's response due January 29, 2007. In the interests of judicial economy and conserving the parties' resources, rather than seeking a dismissal of plaintiff's premature application, defendant seeks an enlargement of time to respond to plaintiff's EAJA application to the earliest date it would have had to have responded if the EAJA application had been filed in accordance with the law. Moreover, this enlargement would provide defendant the time it needs to determine whether to exercise its appeal rights.

For the foregoing reasons, we respectfully request that the Court grant this unopposed motion for an enlargement of time, until January 29, 2007, to respond to IIA's EAJA application.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/Marla T. Conneely
MARLA T. CONNEELY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 305-3689
Fax: (202) 305-7643

December 26, 2006

Attorneys for Defendant