# In the United States Court of Federal Claims

No. 04-1489C
Filed March 16, 2007
**TO BE PUBLISHED**

************************************
*
INFORMATION INTERNATIONAL *
ASSOCIATES, INC., *
*
Plaintiff, * Equal Access to Justice Act, 28 U.S.C. § 2412.
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
************************************

**James Hatcher Graham**, McManus & Graham, LLP, Warner Robins, Georgia, counsel for plaintiff.

**Marla T. Conneely**, United States Department of Justice, Washington, D.C., counsel for defendant. **Jeffrey Branstetter**, Air Force Legal Services Agency, Commercial Litigation Division, Arlington, Virginia, of counsel.

## MEMORANDUM OPINION AND ORDER REGARDING ATTORNEY'S FEES AND OTHER EXPENSES

**BRADEN, *Judge***

On October 31, 2006, the court issued a Memorandum Opinion and Final Order in this case, holding that Plaintiff established the elements of unilateral mistake as a matter of law, entering a judgment in favor of Plaintiff, and ordering reformation of the contract to reflect the correct amount of Plaintiff's bid. *See Information Int'l Assocs*. v. *United States*, 74 Fed. Cl. 192, 193 (2006).

## I. BACKGROUND.

On December 5, 2006, Plaintiff filed an Application for Attorney's Fees and Costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Under the EAJA, however, a prevailing party may only submit an application "within thirty days after a final judgment." *See* 28 U.S.C. § 2412(d)(1)(B). The EAJA defines a final judgment as one that is "final and not appealable." *See* 28 U.S.C. § 2412(d)(2)(G). The time for a final appeal expired on December 30,

2006. Therefore, instead of dismissing Plaintiff's EAJA application as premature, the court granted the Government's December 26, 2006 Motion for an Enlargement of Time to respond thirty days after the earliest date on which the application properly could have been filed. Accordingly, on January 29, 2007, the Government filed a Response ("Gov't Resp."), together with three exhibits. On February 15, 2007, Plaintiff filed a Reply ("Pl. Reply").

## II. DISCUSSION.

### A. The Relevant Statute.

The Equal Access to Justice Act authorizes:

> a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

### B. Governing Precedent.

The EAJA "allows a prevailing party to recover attorney's fees, unless the position of the [G]overnment was substantially justified." *Bowey* v. *West*, 218 F.3d 1373, 1374 (Fed. Cir. 2000) (quoting 28 U.S.C. § 2412(d)). Prevailing party status, however, does not automatically render the Government's position not substantially justified. *See Scarborough* v. *Principi*, 541 U.S. 401, 415 (2004) (holding that "Congress did not want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case[.]" (citations omitted)). The United States Supreme Court has defined "substantially justified," to mean: "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce* v. *Underwood*, 487 U.S. 552, 565 (1988) (holding that the Government's position must have "a reasonable basis in both law and fact." (citations omitted)); *see also Smith* v. *Principi*, 343 F.3d 1358, 1362-63 (Fed. Cir. 2003) ("In conducting a 'totality of the circumstances' inquiry, a fact-finder will naturally and properly focus on those circumstances that are 'relevant,' and in particular on any circumstances that may be 'determinative.'" (citations omitted)); *Massie* v. *United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("As a waiver of sovereign immunity, the EAJA is interpreted narrowly. But this is not a talisman for permitting the [G]overnment to avoid liability in all cases.").

The Government has the burden to demonstrate that its position was substantially justified. *See Scarborough*, 541 U.S. 401 at 414 ("The burden of establishing 'that the position of the United States was substantially justified,' . . . must be shouldered by the Government." (citations omitted));

*see also RAMCOR Servs. Group* v. *United States*, 185 F.3d 1286, 1290 (Fed. Cir. 1999) (holding that, although the EAJA is not a mandatory fee-shifting device, the burden is on the Government to prove that the litigation and agency position was reasonable in law and fact). The term "'position of the United States' refers to the [G]overnment's position throughout the dispute, including not only its litigating position but also the agency's administrative position." *Doty* v. *United States*, 71 F.3d 384, 386 (Fed. Cir. 1995) (internal citations omitted); *see also Chiu* v. *United States*, 948 F.2d 711, 715 (Fed. Cir. 1991) ("[T]rial courts are instructed to look at the entirety of the [G]overnment's conduct[.]").

**C. The Government's Position Was "Substantially Justified."**

In this case, the Government does not dispute that Plaintiff is a "prevailing party." *See* Gov't Resp. at 2. Therefore, the sole issue before this court is whether the Government's position in this case was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A).

**1. The Government's Arguments.**

The Government argues that its position was substantially justified, because the court agreed that Federal Acquisition Regulation ("FAR") 14.407-1 did not require the contracting officer ("CO") to compare the Initial and Final Price Proposals, and instead relied on evidence that Plaintiff never argued before the court. *See Information Int'l Assocs.*, 74 Fed. Cl. at 206; *see also* 48 C.F.R. § 14.407-1 ("After the opening of bids, contracting officers shall examine all bids for mistakes"). The Government notes that the court only "determined that the CO should have been alerted to a possible error in Plaintiff's Malmstrom AFB pricing, as a result of the CO's preparation of 'Abstract of Proposal/Quotations,' to compare Plaintiff's and Margon's final monthly and yearly proposed prices for the five AFBS." *Id.* The court further observed that the abstracts showed that "the final offer prices proposed by Plaintiff were 1% to 10% higher than those proposed by Margon for four of the AFBS," but "the prices proposed by Plaintiff's final offer for Malmstrom AFB were 33% to 39% lower that the prices proposed by Margon." *Id.*

Therefore, the Government contends that, with no reason to rebut the abstract evidence, it was substantially justified in arguing that the CO reasonably focused on *total* price proposal comparisons that showed: 1) only a 3.7% difference between Plaintiff's and Margon's Final Price Proposals; and 2) Plaintiff's Final Price Proposal was only 2.1% less than the Initial Price Proposal that contained no mistakes. *See* Gov't Resp. at 5. The Government also contends that, based on the testimony of Plaintiff's Vice President, it was reasonable to argue that the 33% to 39% difference, between Plaintiff's and Margon's final bids for the Malmstrom AFB, could be explained "by a shifting of resources or a difference of opinion regarding the work required for Malmstrom AFB." Gov't Resp. at 6-7 (citing JX 2 at 32). In addition, the Government contends that it also relied on the testimony of Plaintiff's Vice President that the mistake only was apparent from backup spreadsheets that the CO had no occasion to review. *See* Gov't Resp. at 6 (citing JX 2 at 56).

**2. Plaintiff's Reply.**

Plaintiff challenges the Government's contention that Plaintiff never argued that the CO's knowledge of the mistake could be based on the drafting of the abstracts. *See* Pl. Reply at 1-2. Plaintiff contends that, on several occasions, it argued that the CO had actual knowledge of the mistaken bid, because the CO drafted abstracts that included a detailed analysis of each offerors' Initial and Final Price Proposals on a line-by-line basis and sent letters to the offerors with this information. *Id.* (citing Plaintiff's March 1, 2006 Proposed Findings ¶¶ 36-37; Plaintiff's March 1, 2006 Motion for Summary Judgment at 14-15; Plaintiff's April 10, 2006 Reply to the Government's Cross-Motion at 15). Plaintiff also rejects the Government's claim that the CO reasonably could have concluded that the disparity in pricing was due to the re-arrangement of job responsibilities at Malmstrom AFB, because the CO had specifically instructed offerors not to change their manning structure after the initial bids. *Id.* at 2-3. Accordingly, Plaintiff could not have made the kind of drastic change that would produce a 33% to 39% savings on the Malmstrom AFB. *Id.*

In addition, Plaintiff contends that the Government's position throughout the administrative process was unjustifiable, beginning with the Government's refusal to grant Plaintiff's initial request to correct the error, and continuing for more than three years until Plaintiff prevailed in the United States Court of Federal Claims. *Id.* at 2-3.

**3. The Court's Resolution.**

In the October 31, 2006 Memorandum Opinion and Final Order, the court disagreed with Plaintiff's main argument regarding the requirements of FAR 14.407-1, but instead relied on an alternative argument regarding the abstract evidence. *See Information Int'l Assocs.*, 74 Fed. Cl. at 206. FAR 14.407-1 does not require a CO to compare the offerors' Initial and Final Price Proposals. *Id.* Moreover, even if the CO had compared the *total* Initial and Final Price Proposals of each offeror and between the offerors in this case, the CO likely would not have been alerted to the mistake, because the percentage of difference was so small. *Id.* The CO acquired constructive knowledge of the mistake only by preparing abstracts that compared the Initial and Final Price Proposals on a *line-by-line basis*. *Id.* (emphasis added). Since this was not a required practice, the Government's argument had a "reasonable basis in both law and fact." *Pierce,* 487 U.S. at 565.

Accordingly, the EAJA does not authorize an award of attorney's fees and expenses under the circumstances of this case. *See* 28 U.S.C. § 2412(d)(1)(A) (authorizing an award "*unless the court finds that the position of the United States was substantially justified*" (emphasis added)).

## III. CONCLUSION.

For the aforementioned reasons, the court hereby denies Plaintiff's December 5, 2006 Application for Attorney's Fees and Costs, pursuant to the EAJA.

**IT IS SO ORDERED.**

**s/Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**